**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| BRUCE BERG, AS HEIR TO BENJAMIN KATZ, A PARTNER IN FIRMA D. KATZ § § § § §    Plaintiff, § § v. § § KINGDOM OF THE NETHERLANDS *et al.*, § § § Defendants. § | Case No. 2:18-CV-3123-BHH |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff, Bruce Berg, as an heir to Benjamin Katz, a partner in Firma D. Katz (hereinafter "Plaintiff"), submits this reply in support of his motion to alter or amend its order and judgment, as authorized by Federal Rule of Civil Procedure 59(e), as explained below.

### I.    Plaintiff Properly Presented Newly Discovered Evidence.

1. Contrary to Defendants' argument, Plaintiff has submitted "evidence [that] is newly discovered since the judgment was entered." *Boryan v. United States*, 884 F.2d 767, 777 (4th Cir. 1989).

2. While it is true that evidence "available . . . prior to entry of judgment" is not a proper basis for a Rule 59(e) motion, Plaintiff's evidence postdates the Court's judgment of March 6, 2020. Plaintiff's new evidence is not the facts underlying his appointment, but his *actual appointment* as personal representative of Benjamin Katz's estate, which did not occur until March 11, 2020.

1

3. Plaintiff's new evidence meets the requirements articulated by the Fourth Circuit for a court to consider newly-discovered evidence presented in a Rule 59(e) motion: the evidence was unavailable before judgment, and Plaintiff was justified in not presenting it before judgment. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). First, evidence of Plaintiff's appointment as estate administrator was previously unavailable, as noted above, because he was not appointed as estate representative until March 11, 2020. Second, Plaintiff was justified in not presenting that evidence before judgment because it did not yet exist.

4. Defendants contend that Plaintiff's counsel should have discovered the facts underlying Plaintiff's appointment as estate representative earlier and should have sought and obtained that appointment earlier, but this is not the issue. The question is whether Plaintiff and his counsel did not have and justifiably did not present the evidence of Plaintiff's appointment as estate representative before judgment—not the basis for that appointment. Indeed, it was impossible for the newly-discovered evidence at issue to be presented before judgment because it did not yet exist.

5. Plaintiff has submitted newly discovered evidence which was unavailable earlier and justifiably not submitted before judgment, which a proper basis for a Rule 59(e) motion. *Id.*

## II.  Plaintiff and his Counsel Acted with Reasonable Diligence

6. Defendants also contend that Plaintiff and his counsel did not act with diligence in securing Plaintiff's appointment as the personal representative of Benjamin Katz's estate. Defendants argue that the seven days which passed between the Court's hearing on March 3, 2020 and Plaintiff's appointment on March 11, 2020 evince a lack of reasonable diligence that makes that evidence improper for a Rule 59(e) motion. *See* Defs.' Joint. Opp. To Pl.'s Mot. to Alter or Amend J. (Apr. 6, 2020) (hereinafter "Defs.' Opp.") (ECF No. 68), at 6 n.3.

7.      The question is whether Plaintiff "could not with reasonable diligence have discovered and produced" the evidence at issue (his appointment as estate representative). *Boryan*, 884 F.2d at 771.

8.      Again, the question is not whether Plaintiff and his counsel acted with diligence in discovering the *basis* for Plaintiff's appointment as estate representative, because that is not the new evidence at issue. Plaintiff's *appointment* is. This is because the facts underlying Plaintiff's appointment do not confer standing—Plaintiff's actual appointment does. *See* Pl.'s Mem. in Support of Mot. to Alter or Amend J. (Mar. 30, 2020) (hereinafter "Pl.'s Mem.") (ECF No. 67-1) ¶¶ 25–32. Under South Carolina law, causes of action related to personal property survive to the "personal representative" of a deceased, not to someone who can be appointed personal representative but has not yet been appointed. S.C. Code Ann. § 15-5-90.

9.      The simple fact is that Plaintiff was not yet estate representative at the time of the motion to dismiss hearing and judgment in this matter. Plaintiff could not have presented evidence that did not exist. The fact that it took a week for Plaintiff to secure appointment as estate representative should not bar the Court's consideration of that new evidence.

### III.     Plaintiff's New Evidence Relates to Standing

10.     Defendants also contend that Plaintiff's evidence speaks to capacity, and not to standing. *See* Defs.' Opp. (ECF No. 68) at 8. Defendants specifically claim that Plaintiff's new evidence "does not answer the question of whether Plaintiff himself inherited a right to pursue claims of *Firma D. Katz*." Defs.' Opp. at 8 (emphasis in original).

11.     Plaintiff's theory of standing has changed based on his new evidence. Plaintiff's new evidence addresses the Court's statement in its March 12 Order that "more is required" to

3

show standing than Plaintiff's inheritance facts. Plaintiff's standing argument is no longer based on inheritance, but on his appointment as estate representative.

12. Plaintiff's Memorandum in Support of his Motion to Alter or Amend Judgment explains exactly how Plaintiff's appointment as estate representative confers standing with regard to the Artworks at issue, as property of Firma D. Katz. *See* Pl.'s Mem. (ECF No. 67-1) ¶¶ 28–32. It appears that Defendants did not understand or overlooked this explanation. In short, Benjamin, as a partner in Firma D. Katz, was injured when Firma Katz's partnership property was taken in violation of international law. Firma D. Katz ceased to exist, but causes of action related to its partnership property accrue to Plaintiff as the legal representative of the estate of the deceased last surviving partner in Firma D. Katz. *See id.*; S.C. Code §§ 15-5-90, 33-41-720(2)(d) ("on the death of a partner his right in specific partnership property vests in the surviving partner or partners, except when the deceased was the last surviving partner in which case his right in such property vests in his legal representative"); S.C. Code Ann. § 33-41-920 (partnership does not terminate upon dissolution).[1]

### IV.     Conclusion

13. Plaintiff asks the Court to alter or amend its March 12, 2020 Order under Rule 59(e) in order to prevent the manifest injustice that would result from not taking into account that

---

[1] *See also Werner v. Illinois Cent. Gulf R.R.*, 578 F. Supp. 384, 386–87 (E.D. La. 1984) (even though sole partner died, partnership had standing to maintain suit for damages because state law provided that it did not terminate upon dissolution, and because the partnership may have been "the only proper party plaintiff to maintain an action for damage to partnership property."); *McCormack v. Theo. Hamm Brewing Co.*, 284 F. Supp. 158, 161–62 (D. Minn. 1968) (former partner had standing to bring suit in name of defunct partnership); *Gowen v. Helly Nahmad Gallery, Inc.*, 77 N.Y.S.3d 605, 621 (N.Y. Sup. Ct. 2018) ("Whether by virtue of an interest in [his art gallery partnership] or simply as an individual, Oscar Stettiner was an injured party when the Painting was confiscated by the Nazis. [Plaintiff, ancillary administrator of] The Estate of Oscar Stettiner has standing to bring the claims.").

Plaintiff has, in the meantime, been appointed personal representative of Benjamin Katz's estate and has met the "injury in fact" element of standing. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (Rule 59(e) motion is proper when brought to "prevent manifest injustice"). Plaintiff's request is also a proper basis for a Rule 59(e) motion because the change in his status as personal representative is "new evidence" of his standing. *Pac. Ins.*, 148 F.3d at 403.

14. Plaintiff requests that the Court alter its Order of March 12, 2020 (Doc. No. 64) to reflect that Plaintiff has satisfied the "injury in fact" element of standing, in light of Plaintiff's appointment as personal representative of Benjamin Katz's estate.

15. In the alternative, Plaintiff requests leave to amend his complaint in order to reflect his standing to sue. If the Court grants Plaintiff leave to amend, he will submit a proposed amended complaint.

Dated: April 13, 2020

                                        Respectfully submitted,

                                        /s/ *Edward Paul Gibson*
                                        Edward Paul Gibson
                                        Federal Bar No. 2090
                                        Allison S. Leard
                                        Federal Bar No. 6059
                                        E. PAUL GIBSON P.C.
                                        P.O. Box 40997
                                        North Charleston, SC 29423-0997
                                        Telephone (843) 225-3852
                                        Facsimile (843) 329-8580
                                        E-mail paul@northcharlestonlaw.com

                                        /s/ *Rebecca L. Gibson*
                                        Joel M. Androphy
                                        Texas Bar No. 01254700
                                        Admitted *Pro Hac Vice*
                                        Rebecca L. Gibson
                                        Texas Bar No. 24092418

        Admitted *Pro Hac Vice*
        BERG & ANDROPHY
        3704 Travis Street
        Houston, TX 77002
        Telephone (713) 529-5622
        Facsimile (713) 529-3785
        E-mail jandrophy@bafirm.com
             rgibson@bafirm.com

*Counsel for Plaintiff Bruce Berg, as Heir to Benjamin Katz, a Partner in Firma D. Katz*

## CERTIFICATE OF SERVICE

On April 13, 2020, a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF system.

        /s/ E. Paul Gibson