UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bruce Berg, as heir to Benjamin Katz, a partner in Firma D. Katz, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:18-cv-3123-BHH |
| Kingdom of the Netherlands; Ministry of Education, Culture & Science of the Netherlands; Cultural Heritage Agency of the Netherlands; Museum Het Rembrandthuis, a/k/a Rembrandt House Museum; Museum Boijmans Van Beuningen; Frans Hals Museum; Centraal Museum; Catharijneconvent; Rijksmuseum; Rijksmuseum Twenthe; Dordrechts Museum; Museum de Lakenhal; Museum Gouda; Museum Voor Religieuze Kunst; Bonnefantenmuseum; Het Noordbrabants Museum; Limburgs Museum; Paleis Het Loo; Museum Ons' Lieve Heer Op Solder; Stichting Bijbels Museum; Museum Rotterdam; Museum Het Prinsenhof; Historisch Centrum Het Markiezenhof, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| | ) | |

      Defendants.   )
_____)

On March 6, 2020, this Court entered an order granting Defendants' motion to dismiss this action on various grounds. The Court entered an amended order on March 12 to correct a clerical order. On March 30, Plaintiff filed a motion to alter or amend the Court's order and judgment to account for new evidence and to prevent a clear error or manifest injustice, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Reconsideration of a judgment pursuant to Rule 59(e) is an extraordinary remedy that should be used sparingly. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Ordinarily, a court may grant a motion to alter or amend pursuant to Rule 59(e) for only three reasons: (1) to comply with an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403.

In his Rule 59(e) motion, Plaintiff asserts that he was appointed as a personal

representative of Benjamin Katz's estate on March 11, 2020, in Charleston County Probate Court.[1] (ECF No. 67-1 at 7; ECF No. 62-2.)  Thus, Plaintiff contends that he now has a legally cognizable interest to pursue his claims, and he asks the Court to amend its order and judgment to reflect that Plaintiff has satisfied the "injury in fact" element of Article III standing, or in the alternative, to permit Plaintiff to amend his complaint to reflect his appointment as personal representative.  Plaintiff asserts that this relief is warranted to account for new evidence not available previously and to prevent a clear error or manifest injustice.

Defendants oppose Plaintiff's motion and assert that the relief Plaintiff seeks is not warranted by the circumstances.  Specifically, Defendants assert that the evidence presented by Plaintiff is not "new" for purposes of Rule 59(e); that the evidence does not

---

[1] Plaintiff explains that, following the Court's hearing on Defendants' motion to dismiss on March 3, 2020, Plaintiff's counsel learned that funds had been wired to Plaintiff's bank account in Charleston, South Carolina, in February of 2019, representing the proceeds of the sale of a painting that was the property of Firma D. Katz, which had been restituted by the Kingdom of the Netherlands to Plaintiff and other Katz heirs. (ECF No. 67-1 at 6.)  Because these funds would permit the opening of an estate in South Carolina and the appointment of Plaintiff as personal representative, Plaintiff asserts that he diligently and expediently secured appointment as personal representative on March 11, 2020.  (*Id.* at 7.)

cure the defects in Plaintiff's standing; and that nothing in Plaintiff's motion impacts the numerous other grounds on which the Court based its dismissal of Plaintiff's complaint.

In reply, Plaintiff asserts that the "new evidence" upon which he relies is not the actual facts underlying the appointment of Plaintiff as personal representative, but instead the *actual appointment* as personal representative, which did not occur until March 11, 2020.   Plaintiff asserts that the new evidence relates to standing and that his theory of standing has changed based on this new evidence.

After review, the Court agrees with Defendants that the circumstances presented by Plaintiff simply do not warrant the extraordinary remedy he requests.   First, although Plaintiff is correct that he was not actually appointed personal representative until after the Court's order and judgment were entered, it is undisputed that the facts forming the basis for Plaintiff's appointment as personal representative were known to Plaintiff a year prior to the entry of the Court's order and judgment and three months before Plaintiff filed his amended complaint in this action.   In addition, it is clear that Plaintiff and his counsel knew the importance of being appointed personal representative, first,

because the issues of standing and his capacity to sue were raised in the parties' briefs in 2019, and, second, because Plaintiff admits in the instant motion that prior to filing this action, his counsel petitioned the Charleston County Probate Court to appoint Plaintiff as personal representative for the estate of Benjamin Katz, but the petition was not accepted because Benjamin Katz never lived in South Carolina and never had property in South Carolina.   (ECF No. 67-1 at 5-6.)   Plaintiff's instant motion offers no justification for his delay in seeking appointment as personal representative following the receipt of proceeds from the sale of a painting that was the property of Firma D. Katz.   Instead, Plaintiff's motion offers nothing more than a roundabout argument that he could not have presented the new evidence of *his actual appointment* prior to the Court's order and judgment because it did not yet exist, but to adopt Plaintiff's reasoning would simply reward unjustified dilatory conduct.   In other words, had Plaintiff acted with due diligence, he could have been appointed personal representative more than a year prior to the Court's order and judgment, and even prior to filing his amended complaint.

More importantly perhaps, the recent appointment of Plaintiff as personal representative for Benjamin Katz's estate (to say nothing of whether Plaintiff can demonstrate a valid interest in Firma D. Katz as a result of his appointment) does not end the standing inquiry.  For example, Plaintiff's motion does not address the fact that Article III standing generally must exist *at the inception* of a lawsuit and not based on later developments during litigation.  In addition, Plaintiff's motion does not address the third prong of standing–redressability.

Moreover, the relief requested by Plaintiff is unwarranted because the Court dismissed Plaintiff's complaint on numerous alternative grounds, such as the Court's lack of subject matter jurisdiction over the Kingdom of the Netherlands, the Ministry, and the RCE; the lack of personal jurisdiction over the museum Defendants; and improper venue.  Plaintiff's motion does not affect these alternative grounds for dismissal, which exist wholly independent of the question of standing.  For these reasons, the Court also finds that any amendment of Plaintiff's complaint to reflect his appointment as personal representative would simply be futile.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to demonstrate that relief is warranted pursuant to Rule 59(e) based on new evidence not available previously or to prevent a clear error or manifest injustice.  Accordingly, Plaintiff's Rule 59(e) motion is denied.

**AND IT IS SO ORDERED.**

s/ Bruce Howe Hendricks

The Honorable Bruce Howe Hendricks
United States District Judge

June 11, 2020
Charleston, South Carolina